**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No.______________________**

**VICTORIA KEMP,**

**Plaintiff,**

**v.**

**MIAMI-DADE COUNTY, FLORIDA**
**d/b/a MIAMI-DADE CORRECTIONS AND REHABILITATION**

**Defendant.**
__________________________________________/

Plaintiff, VICTORIA KEMP (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MIAMI-DADE COUNTY, FLORIDA d/b/a MIAMI-DADE CORRECTIONS AND REHABILITATION ("Defendant"), and in support avers as follows:

**GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Americans with Disabilities Act of 1990 42 U.S.C. § 12111, *et seq.* ("ADA"), as amended, the Florida Civil Rights Act of 1992, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability, race-based discriminatory treatment of and retaliation against Plaintiff.
2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction). Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.
3. Plaintiff continues to be, a resident of Miami-Dade County, Florida

4. Plaintiff was an employee of Defendant, performing duties in Miami-Dade County, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, *Fla Stat. Section 760.01, et seq.*

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, *Fla Stat. Section 760, et seq.*

9. Venue is proper in Miami-Dade County, Florida because all of the actions complained of herein occurred within the jurisdiction of Miami-Dade County.

10. On January 27, 2015, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

11. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant from on or about October 11, 1993 through on or about April 2016 as a Correctional Officer

13. Plaintiff was placed on leave on or about April 2016 because Supervisor Aguiera (non-black individual) started making false comments stating that Plaintiff will shoot Yeber.

14. Plaintiff was placed under surveillance and is now under investigation by Defendant.

15. Plaintiff is a Black individual and within a class of individuals protected by Title VII, the FCRA.

16. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

17. On or about November 2014, Plaintiff's Doctor suggested reasonable accommodations where Plaintiff could not have contact with inmates, lift heavy objects, and needed more restroom breaks due to medications.

18. Plaintiff suffers from Hypertension and diagnosed with Post Traumatic Stress Disorder (PTSD). As a result, Plaintiff's Doctor recommended the above reasonable accommodations.

19. Plaintiff informed and showed Doctor's recommendation to Human Resources.

20. Plaintiff was provided with a letter by Human Resources to provide to her supervisors, Lieutenant Yeber, Charles Mackey, and Sullivan for Plaintiff to receive reasonable accommodations.

21. Plaintiff gave the letter to her Supervisors but Supervisors disregarded the Doctor's recommendations and threatened to fire Plaintiff.

22. Lieutenant Yeber specifically informed the other Supervisors to not accommodate Plaintiff.

23. Plaintiff asked on several occasions to several members of management if she can be transferred to another restricted duty but was denied transfer.

24. Throughout Plaintiff's employment, Plaintiff witnessed on several instances other non-black individuals within the facility would ask to be transferred and management would assist them in their transition.

25. Plaintiff had been taken to the hospital several times because of her disability, workers compensation paid her invoice.

26. On or about November 2014, Plaintiff complained on many occasions to Chief Mayes and Captain Denson regarding the unfair treatment.

27. Plaintiff felt that she was mistreated after filing complaint on or about November, 2014 to Human Relations and Internal Affairs.

28. Plaintiff was forced to continue to have contacts with inmate although Plaintiff's doctor recommended her to not and Plaintiff provided accurate documentations to Supervisors for the accommodation.

29. Plaintiff never had any disciplinary action for twenty-three (23) years but after her complaints she got a write-up by Lieutenant Yeber.

30. Plaintiff was not only denied breaks but would often receive intimidating remarks from Lieutenant Yeber, white individual, such as "I will have you fired".

31. Lieutenant Mayes asked Plaintiff to change her restrictions, although specifically given by her Doctor, or Plaintiff will have to "sit at home without pay".

32. Regardless of Plaintiff's complaints and restrictions, management continued to deny her of the interactive process in order to accommodate her medical conditions.

33. Plaintiff was told to go home until additional medical documentation was provided instead of management accommodating her disability.

34. As a result, Plaintiff suffered an adverse employment by Defendant in retaliation of Plaintiff's complaint.

35. Plaintiff witnessed white female getting breaks but Plaintiff did not.

36. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels

37. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

**COUNT I**
***Race Discrimination in Violation of Title VII against***
**MIAMI-DADE COUNTY, FLORIDA**
**d/b/a MIAMI-DADE CORRECTIONS AND REHABILITATION**

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under Title VII.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

41. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is black.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for

the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***Disability Discrimination in Violation of the ADA against***
**MIAMI-DADE COUNTY, FLORIDA**
**d/b/a MIAMI-DADE CORRECTIONS AND REHABILITATION**

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

50. Plaintiff is a member of a protected class under the ADA.

51. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

52. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADA, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
***Retaliation in violation of the FCRA against***
**MIAMI-DADE COUNTY, FLORIDA**
**d/b/a MIAMI-DADE CORRECTIONS AND REHABILITATION**

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

61. Plaintiff is a member of a protected class under the FCRA.

62. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

63. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the

law.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state or federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to state or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/12/17

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com